## John W. Blackman v. John Hoey.

In every contract a tender of the article is necessary to put the party in default; and it is at the risk of the vendor until it is so tendered.

It is equally necessary that the plaintiff should put the defendant in default before bringing his action.

APPEAL from the District Court of the Parish of Jefferson, *Cazabat*, J. S. *Preston* and S. *Myers*, for defendant and appellant.

*Buchanan & Gilmore, for plaintiff.*—Defendant's answer acknowledges the contract, but pleads that it was not he, but plaintiff, who had violated his obligations; that, at the time stipulated, defendant was ready and willing to deliver the bricks as stipulated; but that plaintiff refused to receive the same; demanded to be paid in money for the tuition of defendant's sons, and dismissed the boys from the college, because defendant would not consent to pay in money as demanded; and that the bricks thus refused were afterwards seized to the use of the Government, and lost to defendant. The answer concludes by a prayer in reconvention for one thousand dollars damages against plaintiff.

The Court thus perceives that both parties rely upon the contract, and claim damages for its violation, the plaintiff alleging a passive violation by defendant, and defendant an active violation by plaintiff. In reviewing the evidence, we first call the attention of the Court to the proof of putting in default of the defendant by plaintiff. This proof is found in the letter written by plaintiff to defendant, dated 9th February, 1864, and the testimony of *John Smith* of the delivery of said letter to defendant.

The present suit was instituted on the 5th of March, 1864, about a month after the putting in default. By the terms of the contract, the whole of the bricks were deliverable by the 19th of January, 1863, consequently, plaintiff had waited a whole year upon the defendant before taking measures to enforce his rights.

It should also be remarked that the answer states that defendant was ready to deliver the bricks at the time stipulated in the contract, etc. Now the contract stipulated for their delivery, one-half on the 19th October, 1862, and one-half on the 19th of January, 1863. Both these dates, and particularly the latter, were after the Government seizure, of which *Kage* speaks. Yet, defendant alleges that he was ready to deliver at those dates, and that plaintiff refused to receive.

The claim of a thousand dollars damages in reconvention is simply ridiculous. If defendant had proved a tender of the bricks, and, upon a refulsal to receive them, a deposit of them, made with legal formalities, the bricks would have been at plaintiff's risk, and defendant would have been discharged of his obligation. C. P. Arts. 408, 411, 412, 413, 414. In such a case, the bricks would have represented the amount of the obligation, and no more. But, in defendant's theory, those bricks, which have never been tendered, and never deposited, having been lost to him by force majeure, represent, not only the amount of his obligation, but

one thousand dollars more, which he asks to be allowed to recover from plaintiff, and thus to be a gainer to that extent by this pretended confiscation of his property.

LABAUVE, J. The plaintiff claims of the defendant the sum of $565, for tuition of defendant's sons.

On the 19th July, 1862, the parties entered into an agreement, by which, the defendant obligated himself to deliver, on lots of plaintiff, in Bouligny, City of Jefferson, 56,500 bricks, of good quality; one-half within three months, and the other half within six months, from the date of the contract, and, in consideration thereof, the plaintiff obligated himself to educate the three sons of the defendant, at Dolbear's Commercial College, in the commercial course, and two of them in the full course of English.

The plaintiff avers that, pursuant to said contract, the three sons of defendant entered said college, as follows: Hennen, on the 21st July, 1862; John, on the 22d July, 1862; William, on the 13th October, 1862, and continued to attend until the following dates, when they ceased to attend said college: Hennen, on the 26th May, 1863; John, on the 26th September, 1862; William, on the 27th May, 1863.

The answer contains a general denial; admits the contract, but states that defendant was ready to deliver the bricks according to contract, and that plaintiff refused to receive them, and demanded money; and that the bricks were afterwards seized by the Government; and that defendant, having refused to pay money, the plaintiff dismissed defendant's sons.

The District Court gave judgment against defendant, in favor of plaintiff, for $500, with interest from judicial demand.

The defendant appealed.

The defendant failed to show that he had made a tender of the bricks to the plaintiff; consequently, the bricks were at the risk of the defendant. The plaintiff, before bringing this suit, put the defendant in default. The Court below was of opinion that plaintiff had made out his case; and, after having carefully examined the testimony, we are of opinion that justice has been done.

Judgment affirmed, with costs.